UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JAIME GONZALEZ CORTES, | ) ED CV 12-01030-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration, | ) |
| | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the Decision of the Commissioner of Social Security denying plaintiff's application for Social Security Disability Insurance benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and

1

defendant have filed their pleadings (Plaintiff's Brief in Support of Complaint ["Plaintiff's Brief"]; Defendant's Brief in Support of Answer ["Defendant's Brief"]), and the defendant has filed the Certified Administrative Record [AR]. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be reversed and remanded.

## I.  PROCEEDINGS

Plaintiff filed an application for Social Security Disability benefits on November 3, 2009, alleging onset of disability as of July 13, 2008.

The ALJ issued an unfavorable decision on March 24, 2011.  The Appeals Council denied review on May 5, 2012.  This action followed. The parties have consented to the jurisdiction of the magistrate judge, and have filed their respective briefs along with the Administrative Record. [AR]

## II.  ISSUES

Plaintiff asserts that the orthopedic consultative examiner's opinion is entitled to little weight, since the examiner did not review any of Plaintiff's existing medical records, including several corroborating MRI's.

Plaintiff next asserts that the ALJ committed reversible error by failing to consider the EMG testing which showed that Plaintiff suffered from right carpal tunnel syndrome. The Plaintiff faults the ALJ for finding that the condition was "non-severe".

Finally, Plaintiff claims that the ALJ failed to fairly assess his credibility.

///
///
///
///
///

### III.  DISCUSSION

The court finds that the orthopedic consultative examiner's assessment of Plaintiff's residual functional capacity could well have been affected by a full review of Plaintiff's medical records, including multiple radiology reports. However, the one-time medical examiner was not provided any of Plaintiff's medical records for his consideration.

Multiple MRI's of Plaintiff's lumbar spine reflect that Plaintiff suffers from a severe lumbar spine impairment which causes severe canal stenosis, spinal stenosis, and nerve root involvement. The July, 2009 MRI report alone could well have affected the examining doctor's residual functional capacity assessment, which found Plaintiff capable of performing medium level work with an ability to lift 25 pounds frequently and 50 pounds occasionally.

Although defendant argues that Plaintiff bears the burden of showing a functional restriction, and that the medical examiner found a normal range of motion of the cervical spine and overall, the opinion of the one-time examiner is not entitled much weight, given that multiple MRIs may well have caused the examiner to alter his assessment of Plaintiff's residual functional capacity, including the excess pain analysis. The examining doctor's opinion was not based on substantial evidence, rather it was based on a single examination.

Secondly, the court finds that more should have been done to develop the record with regards to the carpal tunnel syndrome, which was diagnosed by EMG. A consultative examination by a neurologist would have shed light on whether Plaintiff's suffers functional limitations from carpal tunnel syndrome. Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2002).

The court additionally finds that the ALJ's credibility assessment was extremely  weak, not  supported by the record, and hardly clear and convincing. Smolen v. Chater, 80 F.3rd 1273, 1281 (9th Cir. 1996). The one paragraph credibility assessment (A.R. 17) cites "evidence" which has no bearing on

Plaintiff's credibility (<u>e.g</u>. his professed English speaking ability; an old Worker's Compensation case which the ALJ concluded undermined Plaintiff's current credibility; and Plaintiff's minimal, sporadic activities with his grandchildren which hardly translate into an ability to perform work on a sustained basis). The ALJ's credibility finding was not supported by the record, amd nor sufficiently specific. The court is left with an inference that Plaintiff's subjective testimony was arbitrarily rejected.  <u>Thomas v. Barnhart</u>, 278 F.3rd 947) (9th Circ. 2002).

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, the Decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). The Court suggests that the matter be reassigned to a different ALJ, given the faulty credibility analysis of the first ALJ.

DATED: <u>January 8, 2013</u>

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

4